OPINION
{¶ 1} This accelerated calendar appeal arises from the Portage County Court of Common Pleas, Domestic Relations Division, wherein appellant, Kenneth E. Jerina, appeals the trial court's spousal support award pursuant to a divorce decree.
 {¶ 2} Appellant and appellee, Diana R. Jerina, were married on September 1, 1990. There were no children born of the marriage. The parties subsequently separated in April 2001. Appellee filed a complaint for divorce on March 7, 2002. On April 2, 2002, appellant filed an answer to appellee's complaint for divorce and a counterclaim for divorce. The matter proceeded to a contested divorce trial before a magistrate on August 29, 2002. The magistrate filed his decision with the court on December 12, 2002, ordering, inter alia, spousal support to appellee in the amount of two hundred dollars per month for four years. Appellant did not file a request for findings of fact or conclusions of law, pursuant to Civ.R. 52, nor did he file objections to the magistrate's decision, pursuant to Civ.R. 53. After reviewing the magistrate's decision, the trial court entered a final decree of divorce on March 11, 2003. The trial court adopted the magistrate's findings in total, including the spousal support award for two hundred dollars per month for a period of four years.
 {¶ 3} Appellant subsequently filed his notice of appeal with this court on April 8, 2003. He presents two assignments of error on appeal. The first assignment of error is:
 {¶ 4} "The trial court abused its discretion when it ordered appellant to pay appellee $200.00 per month for spousal support for a period of four years."
 {¶ 5} The second assignment of error is:
 {¶ 6} "The trial court's decision to award spousal support to plaintiff-appellee was against the manifest weight of the evidence."
 {¶ 7} Both of appellant's assignments of error are essentially identical, in that they assign as error the trial court's spousal support determination. Thus, we will address both assignments in tandem.
 {¶ 8} Appellant contends that the trial court erred in awarding spousal support without considering all of the factors enumerated in R.C. 3105.18. Moreover, appellant also asserts that the trial court erred in awarding spousal support when such a determination was against the manifest weight of the evidence.
 {¶ 9} As noted in the foregoing, at the conclusion of the contested divorce trial, the magistrate issued a decision, dated December 12, 2002. In that decision, the magistrate determined that appellee was entitled to spousal support in the amount of two hundred dollars per month for a period of four years. The record shows that no objections were filed to the magistrate's decision, nor was a request for findings of fact and conclusions of law filed pursuant to Civ.R. 52. The trial court then reviewed the magistrate's decision and issued a final judgment entry decree of divorce on March 11, 2003, which included the award of spousal support in the amount of two hundred dollars per month for four years.
 {¶ 10} Under Civ.R. 53(E)(3)(a), a party that disapproves of a magistrate's decision has fourteen days from the filing of that decision in which to file written objections. If no timely objections are filed, that party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law.[1]
 {¶ 11} In State ex rel. Booher v. Honda of Am. Mfg., Inc.,
the Supreme Court of Ohio issued a brief opinion, using the language from Civ.R. 53(E)(3), noting that a party is prohibited from assigning as error on appeal the court's adoption of any finding of fact or conclusions of law unless the party properly objected to the magistrate's findings.[2]
 {¶ 12} Moreover, this court has held that, absent a request for findings of fact and conclusions of law, a court of appeals is limited in its ability to review the trial court's judgment on appeal.[3] In Leikin, this court concluded that, absent any findings of fact or conclusions of law, the reviewing court must presume that the trial court heard the evidence, that the proper legal standard in evaluating the evidence was utilized, and that sufficient evidence was presented to support the judgment.[4]
 {¶ 13} Therefore, pursuant to the rationale in Booher andLeikin, appellant's failure to file objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(a), or file a request for findings of fact and conclusions of law, pursuant to Civ.R. 52, prohibits appellant from assigning as error on appeal the trial court's adoption of the magistrate's decision. Appellant's first and second assignments of error are without merit.
 {¶ 14} Thus, based on the foregoing, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Ford, P.J., Christley, J., concur.
[1] Civ.R. 53(E)(3)(d); State ex rel. Booher v. Honda of Am.Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54; Caskey v. LordstownDev. Corp. (July 14, 2000), 11th Dist. No. 99-T-0034, 2000 Ohio App. LEXIS 3203, at *3.
[2] Booher, at 53.
[3] Leikin Oldsmobile, Inc. v. Spofford Auto Sales, 11th Dist. No. 2000-L-202, 2002-Ohio-2441, at ¶ 17.
[4] Id.